UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                       :

**JIN CHENG LIN**,
                                                      :

                           Petitioner,                   :

                                                        :   **MEMORANDUM DECISION AND**
                                                          **ORDER**
             – against –                    :

                                                        :   18-CV-5005 (AMD)

**JAMIE LAMANNA**,                                :

                                                        :

                             Respondent.          :
-------------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the *pro se* petitioner's motion to vacate the order denying his petition

for habeas corpus.  (ECF No. 17.)  On August 29, 2018, the petitioner filed a habeas petition

under 28 U.S.C. § 2254 challenging his state convictions.  (ECF No. 1.)  On December 1, 2021, I

denied the petition in its entirety.  (ECF No. 15.)  The petitioner now moves to vacate the order

and judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (ECF No. 17.)

The respondent opposes.  (ECF No. 18.)  For the reasons that follow, the motion is denied.

## BACKGROUND

      I assume the parties' familiarity with the facts and the record of the prior proceedings,

and incorporate them from my prior order.  (ECF No. 15.)  I summarize the facts only to the

extent necessary to decide the petitioner's Rule 60(b) motion.

      On July 14, 2008, following a jury trial in New York Supreme Court before the

Honorable Gregory Lasak, the petitioner was convicted of multiple counts of first- and second-

degree murder, as well as lesser crimes, for stabbing his former girlfriend and her brother to

death.  (T. Tr. 1959-62.)[1]  Judge Lasak sentenced the petitioner to concurrent sentences of life without parole on the six first-degree murder counts, 25 years to life on each of the six second-degree murder counts, as well as determinate sentences of 25 years with five years of post-release supervision on the burglary count and 15 years with five years of post-release supervision on the attempted robbery count.  (July 14, 2008 Sentencing Tr. 1-14.)

The petitioner appealed his conviction in October of 2011.  (ECF No. 11 at 1-49.)  In addition to arguing that his statements to detectives should have been suppressed and that the trial court improperly excluded evidence, the petitioner also claimed, as relevant here, that the second-degree murder counts should have been dismissed as lesser-included concurrent counts of the first-degree murder convictions.  (*Id.* at 32-47.)  On April 3, 2013, the Appellate Division vacated "the convictions of murder in the second degree, and the sentences imposed thereon . . . because those charges are inclusory concurrent counts of the convictions of murder in the first degree."  (*Id.* (citations omitted).)  The Appellate Division otherwise affirmed the petitioner's convictions (*id.* at 111-13), and the Court of Appeals affirmed the Appellate Division's decision.  (ECF No. 11-2 at 103-46.)

Following two collateral motions in state court—a motion to vacate under C.P.L. § 440.10 and a *coram nobis* petition, both of which were denied—the petitioner filed a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  The petitioner reasserted the claims he made on direct appeal, and in his 440.10 motion and *coram nobis* petition.  (ECF No. 1 at 8-11.)  As relevant here, the petitioner claimed in his *coram nobis*

---

[1] Parenthetical references containing "T. Tr." refer to the trial transcript.

petition that the indictment should have been dismissed as duplicitous or multiplicitous,[2] and that

appellate counsel was ineffective for omitting that argument on direct appeal.  (ECF No. 11-3 at

123-27.)  He also made two other claims for relief: (1) he challenged the trial court's jury

instructions on burglary and intent, and (2) argued the indictment was "facially duplicitous and

multiplicitous" and that the jury instructions and verdict compounded that error, in violation of

double jeopardy.  (ECF No. 1 at 5, 7.)  On December 1, 2021, I denied the petition in its entirety.

(ECF No. 15.)

In his Rule 60(b) motion, the petitioner asks the Court to reconsider his claims stemming

from the inclusion of the second-degree felony murder counts in his indictment.  (ECF No. 17.)

Liberally construed, he contends that he was denied a fair trial because the indictment was

duplicitous and multiplicitous, the second-degree felony murder counts should have been

dismissed before trial, and the jury improperly convicted him of both the first- and second-

degree counts.  (*Id.* at 2-4.)  Finally, the petitioner appears to argue that the Appellate Division

precluded the full review of his constitutional claim in this Court by dismissing the second-

degree murder convictions.  (*Id.* at 5-6.)[3]

The respondent opposes the motion, arguing that the petitioner seeks to relitigate claims

that the Court already found were procedurally defaulted and meritless.  (ECF No. 18.)

---

[2] An indictment is duplicitous when: (1) "it combines two or more distinct crimes into one count," in violation of Federal Rule of Criminal Procedure 8(a)'s "requirement that there be a separate count for each offense"; and (2) "the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001) (internal quotation marks omitted).  "An indictment is multiplicitous when a single offense is alleged in more than one count." *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006) (internal quotation marks omitted).

[3] Contrary to the petitioner's argument, the Appellate Division did not vacate the second-degree felony murder convictions "*sua sponte*." (ECF No. 17 at 3.)  Rather, appellate counsel argued that those counts should be dismissed, and the prosecutor conceded that "the convictions for second-degree murder should be dismissed as lesser included offenses." (ECF No. 11 at 45-47, 108-09.)

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure permits district courts to relieve parties from judgments and orders in specific circumstances, including mistake, newly discovered evidence and fraud.  Fed. R. Civ. P. 60(b).  Subdivision (b)(6) of Rule 60 serves as a "catchall category," which "permits a court to reopen a judgment for any other reason that justifies relief." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quotations omitted).  "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Although Rule 60(b) applies to habeas proceedings, a petitioner cannot use it "to avoid the restriction on second or successive habeas corpus petitions," and district courts have "the obligation to characterize the request for relief properly, regardless of the label that the petitioner applies." *Dent v. United States*, No. 09-CV-1938, 2013 WL 2302044, at *2 (E.D.N.Y. May 24, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005)).

"A Rule 60(b) motion has a 'different objective[]' than a habeas petition." *Carbone v. Cunningham*, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001)).  Specifically, habeas "petitions seek to invalidate an underlying criminal conviction, whereas Rule 60(b) motions only seek to vacate a judgment, such as a judgment dismissing a habeas petition." *Ackridge v. Barkley*, No. 06-CV-3891, 2008 WL 4555251, at *5 (S.D.N.Y. Oct. 7, 2008) (citation omitted).  "A motion that 'seeks to add a new ground for relief' or that 'attacks the federal court's previous resolution of a claim on the merits' can only be raised in a successive habeas petition, as compared to a motion identifying 'some defect in the integrity of the federal habeas proceedings,' which may be considered on a Rule 60(b) motion." *United States v. Spigelman*, No. 05-CR-960, 2017 WL 2275022, at *3 (S.D.N.Y. May 24, 2017) (quoting *Gonzalez*, 545 U.S. at 532) (emphasis omitted).  "A Rule 60(b) motion

attacks the integrity of a habeas proceeding if it does not 'assert, or reassert, claims of error in the movant's state conviction.'" *Hamilton v. Lee*, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting *Gonzalez*, 545 U.S. at 531).  A motion challenges "the integrity of the federal habeas proceedings"—and is thus properly brought under Rule 60(b)—when, for example, it asserts that "a court erroneously avoided deciding the merits of a claim for reasons such as 'failure to exhaust, procedural default, or statute-of-limitations bar.'" *Robles v. Lempke*, No. 09-CV-2636, 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018) (quoting *Gonzalez*, 545 U.S. at 532 n.4).

## DISCUSSION

The petitioner characterizes his motion as a Rule 60(b) motion.  (ECF No. 17 at 1-2.) Nevertheless, it is clear that the petitioner is not challenging the integrity of his habeas proceeding.  Rather, he attacks his state conviction by asserting variations of the claims that he made in his § 2254 petition.  The essence of the current motion is that the first-degree and second-degree felony murder charges in the indictment were duplicitous or multiplicitous, and that the trial court's instructions were deficient; according to the petitioner, the verdict was thus defective.  (*Id.* at 2-6.)  The petitioner raised similar claims in his § 2254 petition.  He argued that the indictment was duplicitous or multiplicitous and that the jury instructions violated the double jeopardy clause.  (ECF No. 1 at 7.)  He also alleged that his appellate counsel was ineffective because she did not argue that the indictment was duplicitous or multiplicitous and should have been dismissed before trial.[4]  As explained in my December 1, 2021 order denying habeas relief, the petitioner's challenges to the indictment's alleged duplicity or multiplicity were technically exhausted but procedurally barred, as the petitioner did not make these arguments on

---

[4] The petitioner initially made the ineffectiveness argument in his *coram nobis* petition (ECF No. 11-3 at 90-155), which he incorporated by reference into Ground Three of his habeas petition.  (ECF No. 1 at 8.)

direct appeal.  (ECF No. 15 at 28-29.)  Moreover, I found that the petitioner did not show either

cause for and prejudice from the procedural default, or allege that he was actually innocent.

(*Id.*); *see Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citing *Wainwright v. Sykes*, 433

U.S. 72, 87 (1977)); *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (citing *Murray v.*

*Carrier*, 477 U.S. 478, 485 (1997)).

As I explained in denying habeas relief, while the first-degree and second-degree murder

counts were "inclusory concurrent counts" that should have been submitted to the jury in the

alternative pursuant to C.P.L. §§ 300.40, 300.50, the Appellate Division vacated the second-

degree murder convictions.  (ECF No. 15 at 26 n.9; ECF No. 11 at 113.)  Therefore, even

assuming for the sake of argument that the indictment was duplicitous or multiplicitous in

violation of double jeopardy—or that the jury instructions or verdict were improper—the

Appellate Division's decision made these claims moot.  As I also explained, "[the petitioner]

secured the same relief to which he would have been entitled had he won a double jeopardy

claim," and thus cannot claim that he suffered any prejudice.  (*See* ECF No. 15 at 26 n.9); *see*

*United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) (finding that "[i]f the jury

convicts on more than one multiplicitous count, the defendant's right not to suffer multiple

punishments for the same offense will be protected by having the court enter judgment on only

one of the multiplicitous counts . . . . Or, if judgment of conviction has been entered on more

than one such count, the district court should vacate the conviction on all but one." (internal

citations omitted)); *Paul v. Henderson*, 698 F.2d 589, 593 (2d Cir. 1983) (finding that felony-

murder and attempted robbery convictions did not violate the double jeopardy clause's protection

against multiple punishments, where the petitioner challenged his conviction for attempted

robbery and had it vacated, "yield[ing] only one punishment"); *see, e.g., Nichols v. Kelly*, 923 F.

Supp. 420, 423 (W.D.N.Y. 1996) (holding that the Appellate Division's dismissal of allegedly multiplicitous convictions "corrected any constitutional infirmity existing in the indictment or judgment of conviction," rendering the petitioner's double jeopardy and multiplicitous arguments "moot").[5]

The petitioner's Rule 60(b) motion does not identify any defects in my decision, nor does he explain how the proceeding was flawed.  A petitioner who "merely reassert[s]" claims attacking his underlying conviction does not call into doubt the habeas proceeding's integrity. *Yuzary v. United States*, No. 04-CV-2809, 2007 WL 4276864, at \*3-4 (S.D.N.Y. Nov. 30, 2007) (Rule 60(b) motion treated as successive habeas petition where petitioner "reassert[ed] that the assistance of his trial and sentencing counsel was ineffective and challenge[d] his sentence under *Booker*"); *Sanchez v. United States*, No. 18-CV-206, 2020 WL 2139118, at \*3 (S.D.N.Y. May 5, 2020) (denying Rule 60(b)(1) relief where the court previously addressed the petitioner's claim and found it to be time barred and concluding that "[t]o the extent [the petitioner] attempts to attack his underlying conviction, the claim is denied as beyond the scope of a Rule 60(b) motion"); *Rodriguez v. United States*, No. 00-CR-761, 2018 WL 4091069, at \*4 (S.D.N.Y. Aug. 28, 2018) (petitioner's "ineffective claim raised in [his Rule 60(b) motion] is similar to a claim [he] had raised in his Section 2255 petition," and "fails to challenge the integrity of [his] habeas proceedings"), *report and recommendation adopted*, 2018 WL 4387552 (S.D.N.Y. Sept. 14, 2018).  Thus, the petitioner's motion warrants treatment as a successive habeas petition, and is outside of Rule 60(b)'s scope.

---

[5] The petitioner's argument that his "rights were violated by the Courts (sua sponte) Modification" of the judgment is unpersuasive.  (ECF No. 17 at 5-6.)  As explained above, the Appellate Division's decision to vacate the second-degree murder convictions and their associated sentences afforded him the relief to which he would have been entitled had he prevailed on his double jeopardy claim.  Thus, the Appellate Division's ruling eliminated any constitutional violations arising from the second-degree murder convictions.

When presented with a successive habeas petition styled as a Rule 60(b) motion, the district court has two options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).  Under the circumstances of this case—in which the petitioner is raising essentially the same claims that have already been resolved—it would be a waste of judicial resources to transfer this motion to the Court of Appeals.  Accordingly, his motion is denied as beyond the scope of Rule 60(b).  In order to provide the petitioner with notice and to conserve judicial resources, I deny the motion as beyond the scope of Rule 60(b).  *See Yuzary*, 2007 WL 4276864, at *5.

## CONCLUSION

For the foregoing reasons, the petitioner's Rule 60(b) motion is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this opinion would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 24, 2022

8